## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CESSNA FINANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-1401-JTM-JPO |
| | ) | |
| HAMRA MANAGEMENT COMPANY, | ) | |
| L.L.C., et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HCW MANAGEMENT | ) | |
| CONSULTANTS, LLC, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## AGREED PROTECTIVE ORDER

The parties believe that discovery in this action will necessarily involve the review and production of financial and other business information that is non-public, confidential, or proprietary (collectively referred to as "Confidential Material"). The parties therefore believe there is good cause for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c). Accordingly, the parties have stipulated and agreed, and it is the Order of the Court that:

1.      Documents, testimony, or other material that contains confidential information, including, but not limited to, financial and other non-public, confidential, or proprietary business information, the public disclosure of which would cause harm to a party, shall be treated as Confidential Material and used only in accordance with the provisions of this Protective Order, provided that the party claiming protection clearly identifies Confidential Material at the time of production:

(a)    in the case of documents or other tangible things, by stamping or marking on each document a legend stating that the material is Confidential;

(b)    in the case of documents or other tangible things produced by a third party by agreement or in response to a subpoena, by having the responding party mark the documents pursuant to the procedure referenced in subpart (a) above, or, if the responding party fails to do so, within ten (10) days after production, a party designates the documents Confidential;

(c)    in the case of testimony, by indicating the portion of the testimony that it is Confidential.

2.    Confidential Material shall include summaries, excerpts, or other documents or materials (but not pleadings, motions, or memoranda filed with the Court) that incorporate information obtained from Confidential Material.

3.    Confidential Material shall be used by the party receiving it solely for pre-trial investigation and discovery, preparation for trial, trial, post-trial, or other proceedings in or arising out of this litigation, or other litigation or proceedings between the parties, and shall not be used for any other purpose; provided, however, that this shall not preclude the disclosure of Confidential Material pursuant to lawful order or request of any court or federal agency.

4.    Confidential Material may be disclosed only to the following persons:

(a)    The attorneys for the parties and their legal assistants, secretaries, and support personnel who are directly employed by those attorneys and who are assisting them in this action;

(b)    The plaintiff and defendants in this action, including their officers, directors, and employees whose assistance is required in preparing for trial and who need access to such material to render such assistance;

(c)      Experts or consultants retained by any party in connection with this action;

(d)      Witnesses at a deposition, during a hearing, or at trial.

(e)      Outside copying service vendors;

(f)      The Court and court personnel, including stenographic reporters engaged in such proceedings as are necessary in preparing for trial in this case; and

(g)      Such other persons as the parties shall agree in writing or the Court shall determine should be given access to the Confidential Material.

5.      Each person described in subparagraphs (c) or (g) of paragraph 4 to whom Confidential Material is to be disclosed shall first be provided with a copy of this Protective Order by the disclosing party and shall signify his or her agreement to be bound by its terms by signing a copy of an Acknowledgment and Agreement to be bound by the Protective Order, in a form attached hereto as Exhibit "A," or, in the case of a testifying witness, agree on the record to be bound by the terms and conditions of this Agreed Protective Order

6.      In the event of a dispute whether material is properly designated as Confidential, the attorneys for the parties shall make a good faith effort to resolve the dispute before bringing the matter to the Court and shall so certify to the Court in any papers filed in connection with the dispute.  Pending resolution of the dispute, the material shall be treated as Confidential.

7.      In the event that a party inadvertently produces material that it believes should be treated as Confidential but without first identifying it as required by this Order, the party to whom it was produced shall, upon notification of the error, make a good faith effort to retrieve the material from unauthorized recipients.

8.      Upon termination of this litigation (whether by judgment, settlement or otherwise), counsel for each party shall promptly:

(a)     destroy or return to the producing party all Confidential Material produced by the producing party; and

(b)     certify to counsel for the producing party that all such Confidential Material has been destroyed or returned.

9.      In no event shall any of the parties or their designated experts or consultants be allowed to retain any Confidential Material after the termination of this litigation.  In addition, all parties' designated experts and/or non-testifying consultants agree, by their execution of Exhibit "A," that they will not allow any Confidential Material produced to be disseminated, inspected, reviewed or in any way disclosed to any person or entity whatsoever without the producing parties' prior written approval.

10.     Nothing contained in this Protective Order shall prejudice the right of any party to this action to use the Confidential Material at any hearing or at trial in this action including briefing, or providing, showing or communicating the Confidential Material to the Court if required in any proceeding, provided that any pretrial use be made under conditions that preserve the confidentiality of such information.  The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which the Confidential Material may be introduced into evidence or otherwise used at such trial or hearing.  Upon reaching an agreement, the parties shall give notice of the terms of the agreement to each non-party producing any Confidential Material which may be used or introduced at such trial or hearing. Absent such agreement, the Court shall be asked to issue an Order governing the use of such Confidential Material at trial or evidentiary hearing upon reasonable notice to all parties and non-parties who have produced the information.

11.     A party wishing to file Confidential Material with the Court must file a motion with the Court for leave to file the documents under seal pursuant to D.Kan. Rule 5.4.6 .

12.     Nothing in this Order shall be deemed to restrict in any way any party or its attorneys with respect to the use of that party's own documents or materials, or of documents or materials obtained outside discovery or other than through court disclosures.

13.     Nothing in this Order shall constitute a waiver of the rights of any party to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with the respect to the production, use, relevance, or admissibility at trial of any evidence, whether or not constituting Confidential Material furnished pursuant to this Order.

14.     The Court's jurisdiction to enforce this Protective Order shall terminate upon final disposition of the case.  However, the parties may seek leave to reopen the case to enforce the provisions of the Protective Order.  No party may direct the Clerk of the Court to return or destroy Confidential Material that is filed in the case.

15.     Any party may apply to the Court for a modification of this Order and nothing in the Order shall be deemed to prejudice their rights to seek modification.

IT IS SO ORDERED.

Entered on this 10th day of April, 2012.

    s/ James P. O'Hara
Judge James P. O'Hara
United States Magistrate Judge

APPROVED BY:

HINKLE LAW FIRM LLC

By: s/ David M. Rapp
        David M. Rapp, SC No. 08802
        301 North Main Street, Suite 2000
        Wichita, Kansas 67202
        Telephone:  316-267-2000
        Facsimile:  316-264-1518
        *Attorneys for Third-Party Defendants*


FOULSTON SIEFKIN LLP


By: s/ Jeffrey A. Jordan
        Jeffery A. Jordan, SC No. 12574
        1551 N. Waterfront Pkwy., Ste. 100
        Wichita, Kansas  67206
        Telephone:  316-291-9513
        *Attorneys for Plaintiff*


ROUSE HENDRICKS GERMAN MAY PC


By: s/ Daniel E. Blegen
        Daniel E. Blegen, SC No. 19092
        Quinton D. Lucas, SC No. 78261
        1201 Walnut Street, Suite 2000
        Kansas City, Missouri  64106
        Telephone:  816-471-7700
        *Attorneys for Defendants/Third-Party Plaintiffs*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CESSNA FINANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-1401-JTM-JPO |
| | ) | |
| HAMRA MANAGEMENT COMPANY, | ) | |
| L.L.C., et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HCW MANAGEMENT | ) | |
| CONSULTANTS, LLC, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

**ACKNOWLEDGMENT AND AGREEMENT**

I, the undersigned, acknowledge that I have been provided with a copy of the Agreed Protective Order entered in the above-referenced case, have read it, understand it, and agree by my signature below to be bound by its terms.  I agree to keep confidential all discovery material that is designated as Confidential Material and not to disclose the Confidential Material in a manner inconsistent with the terms of the Agreed Protective Order.


Date: _____        _____
                                     Signature

                                     Print Name_____

7